**UNITED STATES of America,**

v.

**Alexander L. GUTERMA, Garland L. Culpepper, Jr., Robert J. Eveleigh, and George A. Heaney, Defendants.**

Crim. No. 45776.

United States District Court
E. D. New York.

May 18, 1959.

Moss, Wels & Marcus, New York City, for defendant, Alexander L. Guterma, by Richard H. Wels, New York City, of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty. for the E. D. of New York, Brooklyn, N. Y., and Richard B. Cooper, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for the United States.

BYERS, Chief Judge.

The defendant Guterma seeks a change of venue to the Western District of New York for the asserted reason that he cannot obtain a fair trial in this or the Southern District,

The indictment was filed March 25, 1959 and charges a series of transactions coherently related, which involved the alleged manipulation of the affairs of the Bon Ami Company to its financial detriment.

Most of the publicity complained of antedated this charge and consists mainly of newspaper articles based upon this defendant's alleged complicity in the affairs of F. L. Jacobs Company said to have been controlled by him for a period beginning in 1956.

One of the articles quotes the present administration of the Bon Ami Company to the effect that Guterma has not been connected with it since more than one year prior to July, 1958.

The newspaper clippings offered in support of the motion have been carefully examined. For the most part they appear to contain factual recitals of the bases upon which the S.E.C. instigated litigation in connection with transactions attributed to the F. L. Jacobs Company which was said to have been dominated by this defendant, in the United States District Court for the Southern District of New York.

So far as some clippings have to do with this indictment they are confined to factual aspects of the charge, and are not calculated to influence the opinions of prospective jurors. The public are entitled to know what is going on, in the courts and elsewhere, and the mere fact that an alleged state of affairs is made manifest in the press, does not point to the conclusion that any individual against whom a charge is made, cannot obtain a fair hearing or trial before a jury, concerning the subject-matter.

The showing made by these motion papers is inadequate to demonstrate the need for a change of venue, and therefore the motion is denied.

Settle order.